UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ALYSSA DOWLING,

     Plaintiff,

     v.                    CASE NO. 1:26-CV-233-HAB-ALT

ERIC KOMITEE,

     Defendant.

**OPINION AND ORDER**

Pro se Plaintiff Alyssa Dowling filed a civil rights Complaint against Defendant Eric Komitee alleging he "displayed discrimination" and "failed to show due respect." (ECF No. 1). Along with her Complaint, Dowling filed a motion to proceed in forma pauperis. (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[1] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits

---

[1] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

In her IFP application, Dowling attests she is unemployed and has no income from any source. She further claims she has limited assets—$90 in cash—and regular monthly expenses of $800–900. She denies having any dependents or debts, and she has declined to list her marriage status. To determine whether a litigant lacks the means to pay the filing fee, this court requires litigants seeking to proceed IFP to disclose, in dollar amounts, all income received over the last 12 months. Her application maintains she has no income but substantial financial obligations, but does not address how Dowling maintains a residence or provides herself with the basic necessities of life (such as food and housing). Courts rely on litigants to provide complete and honest information about their finances, and judges cannot merely rubber-stamp IFP applications that appear to contain incomplete, inaccurate, or inconsistent information. *See Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). Accordingly, at present the Court cannot grant her request to proceed IFP.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when

2

addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint need not provide overly detailed factual allegations, but it must provide enough factual support to raise the plaintiff's right to relief above a speculative level. *Twombly*, 550 U.S. at 555. The complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Dowling's Complaint is threadbare, stating only that the Defendant "displayed discrimination" and "failed to show due respect." (ECF No. 1). Even construing the Complaint liberally, as the Court must given his pro se status, Ford's allegations blatantly fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Dowling does not explain who the Defendant is or what basis she has for filing in this court, and she utterly fails to provide any context whatsoever for her allegations.[2] These failures alone warrant dismissal.

---

[2] Given the Defendant's unique name, it is quite possible that the Defendant is a United States District Judge for the Eastern District of New York. If this is the case, Dowling cannot pursue a claim against any judge who presided over a state court proceeding because judges are immune from liability for actions taken in their official roles. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976).

Beyond the scant facts, however, this same Complaint against this same Defendant has been filed in at least nine other district courts around the country on May 18, 2026.[3] Each complaint is dated April 18, 2026, and contains the exact same flimsy allegation and demand. Dowling lists her mailing address as Wichita, Kansas, but the envelopes in which she mails her Complaint and IFP application—in this case and the others—is postmarked in New Jersey. (ECF Nos. 1-1; 2-1). This kind of mass-filing of a threadbare claim is certainly "malicious" in the context of Section 1915(e)(2)(B)(i) given that it appears "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Simons v. Basu et al.*, No. 1:26-cv-1142, 2026 WL 1005067, at *2 (C.D. Ill. April 14, 2026) ("Certainly, where a plaintiff files the same complaint with the same two meager allegations—really just the barest possible sentences—in a handful of courts on the same day, that plaintiff intends to harass either the defendant, the given court, or both.").

Although courts generally permit civil plaintiffs at least one opportunity "to amend after dismissing a complaint, that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. App'x 346, 348 (7th Cir. 2016). Because Dowling has no non-frivolous claim and this action is malicious, the Court will deny her request to proceed IFP and dismiss her case without leave to amend.

---

[3] *See, e.g.*, *Dowling v. Komitee*, No. 1:26-cv-314 (D.R.I. May 18, 2026); *Dowling v. Komitee*, No. 2:26-cv-218 (E.D. Wash. May 18, 2026); *Dowling v. Komitee*, No. 1:26-cv-391 (D.N.H. May 18, 2026); *Dowling v. Komitee*, no. 1:26-cv-191 (E.D. Tex. May 18, 2026).

## **CONCLUSION**

Dowling's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 19th day of May 2026.

s/Holly A. Brady

CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT